LIME ROCK F. & M. INS. CO. *vs.* PETER A. HEWETT and another.

*Promissory note—what is not.*

A written promise to pay the plaintiff insurance company, at a time specified, 'the sum of two hundred and twenty-five dollars, and such other sums as may arise as additional premium' on an insurance policy, is not a promissory note within the meaning of R. S., c. 81, § 83, which excepts from the six years' limitation 'actions on promissory notes signed in the presence of an attesting witness.'

ON EXCEPTIONS.

ASSUMPSIT on an instrument of the following tenor:

'Policy No. 4,838.                                    3-4 Sch. Justiana.
                                        ROCKLAND, May 21st, 1853.

For value received, we promise to pay the Lime Rock Insurance Co. or order, fourteen months from date with interest after, the sum of two hundred and twenty-five dollars, and such other sums as may arise as additional Premium on said Policy.

                                        P. A. HEWETT.
                                        BENJ. CRANDON.
        Attest:—C. R. MALLARD.'

Plea, general issue and statute of limitations.

The case was heard by the presiding judge with right to except.

The presiding judge found that the instrument was attested by Mallard, at the request of the officers of the insurance company, in the presence of Peter A. Hewett, the first signer; that the signature of Crandon was affixed some time afterwards; that the attention of Hewett was not called to the attestation by Mallard when he signed and Mallard witnessed it; that Crandon's attention was not called to the fact that the note had been attested when he signed it.

The presiding judge ruled,

That the note was not a witnessed note as required by law, and was barred by the statute of limitations; and ordered judgment for the defendants.

The plaintiffs alleged exceptions.

*D. N. Mortland*, for the plaintiffs.

*O. G. Hall*, for the defendants.

WALTON, J. The plaintiff contends that the ruling of the presiding judge that the instrument declared on 'was not a witnessed note as required by law,' and was, therefore, barred by the statute of limitations, was erroneous.

We think not. And in coming to this conclusion, it is unneces-

sary to inquire whether the instrument was or was not properly witnessed ; for very clearly it was not a promissory note. One of the requisites of a promissory note is that it must be for a sum certain. This instrument was not for a sum certain. It was a promise to pay the sum of two hundred and twenty-five dollars, and such other sums as might arise as additional premium on an insurance policy. Such an instrument, although valid, and answering well the purpose for which it was made, is not a promissory note.

To make a written instrument a valid promissory note, says Judge Story, it must be for a fixed and certain amount. Therefore, if it be for a certain sum of money, with all other sums that may be due the payee, it is not a valid promissory note, even for the sum which it specifies. So a promise to pay a specified sum of money and interest, and also the demands of the sick-list club, is not a valid promissory note. So a written promise to pay a certain sum, first deducting thereout any interest or money which a third person might owe the maker, is not a good promissory note. So a promise to pay a certain sum, and all fines according to rule ; or a written promise to pay certain sums in installments, a part to go in as a set-off for an order of R. to G., and the remainder of his debt from D. to him ; or a written promise to pay one thousand dollars, or what might be due after deducting all advances and expenses, fall within the same principle, and are not valid as promissory notes. Story on Notes, § 20, and authorities there cited.

All actions of assumpsit, with a few exceptions, are barred by the statute of limitations unless commenced within six years. This was an action of assumpsit, and was not commenced within six years. It was, therefore, *prima-facie*, barred. But the plaintiff sought to avoid the bar by bringing his case within one of the exceptions. That exception is that the foregoing limitation shall not apply to actions on promissory notes signed in the presence of an attesting witness. The plaintiff claimed that the instrument declared on was a promissory note signed in the presence of an attesting witness. The presiding judge ruled that it ' was not a witnessed note as required by law,' and that it was barred by the

statute of limitations.   The ruling was clearly correct; for without determining whether the instrument was or was not properly witnessed, it is certain that it was not a promissory note within the meaning of the law, and for that reason alone, if for no other, it did not come within the exception named.

*Exceptions overruled.**

APPLETON, C. J.; KENT, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.